HAMITER, Justice.
Claiming to be the owner and in possession of a certain lot of ground situated within the Parish of St. Martin, described as Lot 14 according to a plat of survey made by Parish Surveyor S. V. Martin and dated September 30, 1876, plaintiff instituted this action in jactitation in which he alleged that the defendant, the Town of St. Martinville, was slandering his title to such property by having granted mineral leases affecting it. He prayed to be quieted in his possession and that the defendant be ordered either to disclaim title to the property or to assert whatever rights it might have thereto. In the alternative he prayed that, should the court hold that he is without sufficient possession to prosecute the jactitation action, the title to the lot be determined and established.
The defendant did not answer the petition. Rather, it filed two exceptions to the action, therein praying that plaintiff’s demands be rejected and his suit dismissed. In one it raised the defense that plaintiff has had no possession. In the other it pleaded that as to the alternative demand plaintiff has no right of action because for many years (the number is not stated) the defendant has, as owner, exercised acts of open, physical and notorious possession of the land — using it as the municipal garbage dump.
After a trial of the exceptions, at which considerable evidence was adduced, the district court held that plaintiff had failed to show sufficient possession to maintain the action in jactitation. The court further concluded that defendant was actually in possession, and it refused to try the title to the property for the reason that L.R.S. 13 :- 5062 (originally Act 38 of 1908) may be resorted to as a means to try title only when neither party is in possession. Accordingly, both exceptions were maintained and plaintiff’s suit was dismissed in its entirety.
The trial court’s judgment was affirmed by the Court of Appeal (First Circuit), and we granted certiorari to review the ruling.
Conceding arguendo that plaintiff was not in actual possession of the property in contest, as he alleged, we are of the opinion that his suit should not have been dismissed in its entirety. His alternative demand that the title be tried appears to be supported by L.R.S. 13:5061 which recites: “Whenever the state, a municipality, town or village *797 thereof, is sued as a defendant in a possessory action brought by any person, firm, or corporation claiming to possess as owner, usufructuary, or claiming a real right to property, which is also claimed by the state, a municipality, town or village thereof, to be public property constituting a locus publicus, then, in such cases the possessory and petitory actions shall be cumulated and the claim of title or real right vel non, of the person, firm, or corporation bringing such possessory action shall be tried contradictorily with the claim of title of the state, municipality, town or village thereof, and any judgment rendered on the petitory phase of such suit shall carry with it a determination of the possessory action in favor of the party whose petitory claim has been affirmed and recognized. All such cumulated actions of the character herein described shall be tried by preference in all courts.” (Italics ours)
True, the respective demands urged in this cause are not strictly speaking possessory and petitory actions. But this is unimportant. The quoted statutory provisions obviously have as their important and sole purpose the avoidance of procedural delays in the settlement of a private ownership claim to real property the title to which is also asserted by a named public body. And the situation contemplated thereby exists here, for both plaintiff and the Town of St. Martinville (the defendant) are claiming title to the land involved.
Consequently, this proceeding will be remanded to the district court in order that title to the disputed property may be tried, leave being granted to the respective litigants to appropriately amend their pleadings (or file such additional ones as may be necessary) and to introduce whatever evidence is relevant and material to the trial.
For the reasons assigned the judgments of the district court and Court of Appeal are annulled and set aside, defendant’s exceptions aie overruled, and the cause is remanded to the district court for furthér proceedings according to law and consistent with the views hereinabove expressed.